**Qiu GAO, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Respondent.**

**No. 04–5011–AG.**

United States Court of Appeals, Second Circuit.

Jan. 23, 2006.

Khaghendra Gharti–Chhetry, New York, New York, for Petitioner.

Lisa Godbey Wood, United States Attorney for the Southern District of Georgia; Delora L. Kennebrew, Assistant United States Attorney, Savannah, Georgia, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. CHESTER J. STRAUB, and Hon. SONIA SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

DECREED that the petition for review is DENIED.

Qiu Gao, through counsel, petitions for review of the August 2004 BIA order affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA "adopts the decision of the IJ and merely supplements the IJ's decision ... we review the decision of the IJ as supplemented by the BIA." *Yan Chen v. Gonzales*, 417 F.3d 268, 271–72 (2d Cir.2005). We review the IJ's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). "Under this standard, we will not disturb a factual finding if it is supported by reasonable, substantial, and probative evidence in the record when considered as a whole," and we afford particular deference to an IJ's adverse credibility determination. *Zhou Yun Zhang*, 386 F.3d at 73 (internal quotations omitted).

Gao's application for asylum was based, in principal part, on claims that family planning officials harassed him and his family and threatened to sterilize him and his wife. The IJ found Gao's testimony about past events not credible, largely upon finding that Gao's testimony at the asylum hearing was inconsistent in several respects with his initial application for asylum. Not all of the problems identified by the IJ were significant. But Gao's testimony and asylum application did not consistently describe the chronology of events underlying his claim, and seemingly crucial events were omitted from his asylum application. Under our deferential standard of review, we must uphold the IJ's credibility determination as supported by substantial evidence in the record as a whole.

Gao also asserted a fear of future persecution, claiming that he would be sterilized or otherwise punished by the Chinese government upon his return. In addition to finding Gao not credible, the IJ concluded that the particular facts of Gao's situation, in light of the Country Profile, undermined the objective reasonableness of his claims. In all, the IJ's finding that Gao failed to establish a well-founded fear of future persecution is supported by substantial evidence.

Because Gao, in applying for asylum, was unable to establish past persecution or an objectively reasonable threat of future persecution, Gao's application for withholding of removal must fail as well. *See Zhou Yun Zhang*, 386 F.3d at 71 (explaining that claims for withholding of removal are factually related to claims for asylum but involve a heavier burden of proving that the applicant's life or freedom would be threatened on one of the protected refugee grounds). Gao's claim for protection under CAT fails for similar reasons. *See Wang v. Ashcroft*, 320 F.3d 130, 143 (2d Cir.2003) (citing 8 C.F.R. § 208.16).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, Gao's motion for a stay of removal is DENIED as moot.